IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHARON M. JAMES, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-938-CFC |
| JOHN A. CERINO, | : |
| Defendant. | : |

Sharon M. James, Wilmington, Delaware. Pro Se Plaintiff.

**<u>MEMORANDUM OPINION</u>**

December 16, 2022
Wilmington, Delaware

**CONNOLLY, Chief Judge:**

Plaintiff Sharon M. James appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 4) She commenced this action on July 15, 2022 alleging violations of her civil rights. (*See* D.I. 2-5 civil cover sheet). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

I.  **BACKGROUND**

The following facts are taken from the Complaint and assumed to be true for screening purposes. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff alleges that Defendant John A. Cerino, Clerk of Court for the United States District Court for the District of Delaware, violated her civil rights when he sent a letter dated May 26, 2022 to the United States Court of Appeals for the Third Circuit that forwarded motions and letters Plaintiff erroneously filed with the District Court on 3/31/2021. (D.I. 2 at 4; D.I. 2-2) The letter references Delaware Case No. 18-cv-63-CFC, *James v. A.C. Moore Arts & Crafts, Inc.* and USCA Appeal No. 21-1733. The letter was docketed in *James*, Civ. No. 18-63-CFC at D.I. 136. The Court takes judicial notice of a previous letter sent to the United States Court of Appeals for the Third Circuit on March 31, 2022, that contained the same case references and forwarded Plaintiff's "Motion to Replace, Motion Requesting Permission, and Motion to Recall which was erroneously filed with the United States District Court for the District of Delaware on 3/31/2021." *James*, Civ. No. 18-63-CFC at D.I. 135.

"Plaintiff denies making any contact or filing anything in the District Court on March 31, 2021 and on May 26, 2022; because the case had been 'dead' in the District Court for (14 months); and the Clerk of the Court was well aware of that fact." (D.I. 2 at

1

5) Plaintiff wrote to Defendant in June 2022 inquiring about the May 26, 2022 letter. *James*, Civ. No. 18-63-CFC at D.I. 137. Defendant responded,

> This is in response to a letter we received from you on June 10, 2022 regarding previous correspondence from Clerk of Court. The letters in your inquiry dated 3/31/2022 and 5/26/2022 are both courtesy copies sent to you to inform you of the forwarding of your documents to the Third Circuit Court of Appeals. Your copy of the letter did not include enclosures because the enclosures were forwarded to the Third Circuit Court of Appeals. The letter dated 3/31/2022 contains a typographical error, the documents that were forwarded to the U.S. Court of Appeals were received on 3/31/2022. We apologize for any confusion this error may have caused.
> The Office of the Clerk for the United States District Court for the District of Delaware does not maintain your appeal (USCA: 21-1733). Any documents directed to the Third Circuit Court of Appeals or displaying the USCA case number will be forwarded to the Third Circuit Court of Appeals as this office only maintains District Court cases in Delaware.

D.I. 2-4 at 2; *James*, Civ. No. 18-63-CFC at D.I. 138.

The Court takes judicial notice that on March 31, 2022, the following documents were filed in the United States Court of Appeals for the Third Circuit in *James v. A.C. Moore Arts & Crafts, Inc.*, Case No. 21-1733: Motion to Recall Mandate and Appeal of 02/03/2022 (Doc. 38); Motion Requesting Permission to allow 15 Page Brief and Appendix filed on 3/17/2022 (Doc. 39); and Motion to Replace First Praecipe and Prohibition filed on 3/17/2022 (Doc. 40). All three documents are file stamped "Filed Mar 31, 2022 U.S. District Court District of Delaware." *Id.* at Doc. 38-40.

Plaintiff alleges that Defendant uploaded and sent false filings, improper pleadings, motions and papers to delay, hinder, and possibly stop her from receiving relief. (D.I. 2 at 6) She further alleges that Defendant's misconduct violated 18 U.S.C. § 10-0-1 and her civil rights. She seeks $145,000,000 in damages.

2

## II. LEGAL STANDARDS

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020) (quoting *Neitzke v. Williams*, 490 U.S. 319, 331 (1989)); *see also Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Dooley v. Wetzel*, 957 F.3d at 374 (quoting *Mitchell v. Horn*, 318 F.3d 523, 530 (2003) and *Neitzke*, 490 U.S. at 327-28).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief can be granted pursuant to the screening provisions of 28 U.S.C. § 1915(e)(2)(B), the Court

must grant Plaintiff leave to amend the complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d at 114.

A complaint may be dismissed only if, accepting the well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court concludes that those allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Though "detailed factual allegations" are not required, a complaint must do more than simply provide "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Davis v. Abington Mem'l Hosp.*, 765 F.3d 236, 241 (3d Cir. 2014) (internal quotation marks omitted). In addition, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Williams v. BASF Catalysts LLC*, 765 F.3d 306, 315 (3d Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Twombly*, 550 U.S. at 570). Finally, a plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not be dismissed for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 10.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) assume the veracity of any well-pleaded factual allegations and then determine whether those allegations plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal citations and quotations omitted). Elements are sufficiently alleged when the facts in the complaint "show" that

4

the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

To the extent Plaintiff seeks to impose criminal liability upon Defendant pursuant to the criminal statute upon which she relies (*i.e.*, 18 U.S.C. § 1001), she lacks standing to proceed. *See Allen v. Administrative Office of Pennsylvania Courts*, 270 F. App'x 149, 150 (3d Cir. 2008); *see United States v. Friedland*, 83 F.3d 1531, 1539 (3d Cir. 1996) ("[T]he United States Attorney is responsible for the prosecution of all criminal cases within his or her district."). The decision of whether to prosecute, and what criminal charges to bring, generally rests with the prosecutor. *See United States v. Batchelder*, 442 U.S. 114, 124 (1979).

To the extent that Plaintiff seeks to recover on the basis of a civil rights violation, the claim fails. Plaintiff names a federal defendant and, therefore, the claim could be construed as a *Bivens* claim. *See Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Federal courts recognize a cause of action for damages against federal officers acting in their individual capacities who are alleged to have violated a citizen's constitutional rights. *Bivens*, 403 U.S. 388, 397 (1971). Bivens provides a damages remedy for constitutional violations committed by federal actors in very limited circumstances. *Egbert v. Boule*, __U.S. __, 142 S. Ct. 1793, 1804-1809 (U.S. 2022); *Ziglar v. Abbasi*, __U.S.__, 137 S. Ct. 1843, 1854 (2017). The Supreme Court has recognized an implied private action against federal officials in three cases, as follows: (1) *Bivens* itself, which recognized an implied cause of action for

5

violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022); *see also Abbasi*, __U.S.__, 137 S. Ct. at 1855 ("These three cases - *Bivens*, *Davis*, and *Carlson* - represent the only instances in which the [Supreme] Court has approved of an implied damages remedy under the Constitution itself."). Plaintiff's allegations and exhibits do not state claims under any of the three recognized *Bivens* claims.

Finally, in reviewing the allegations, exhibits, and case filings in *James*, Civ. No. 18-63-CFC and *James v. A.C. Moore Arts & Crafts, Inc.*, Case No. 21-1733, the Court's experience and common sense lead it to recognize that the instant Complaint does not state a facially plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. at 679.

Accordingly, the Complaint will be dismissed as frivolous and for failure to state claims pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). The Court finds amendment futile.

## IV. CONCLUSION

For the above reasons, the Court will dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Amendment is futile.

An appropriate Order will be entered.